IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Coastal Excursions, Inc.,                 Case No. 3:07 CV 2782

              Plaintiff,            MEMORANDUM OPINION
                                        AND ORDER

-vs-                                  JUDGE JACK ZOUHARY

Fares Khoury, et al.,

              Defendants.

### BACKGROUND

Plaintiff Coastal Excursions, Inc. (Coastal) filed this action as owner of a Yamaha Waverunner (jet ski) which was involved in an accident on Lake Erie on August 25, 2005. Defendant Fares Khoury allegedly sustained injuries in the accident and filed a Complaint to recover damages in state court (Erie County Common Pleas Case No. 2007 CV 255). Coastal seeks a ruling under the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §§ 30501-30707 (formerly 46 App. U.S.C. §§ 181-196), and this Court has jurisdiction under 28 U.S.C. § 1333.

This matter is before the Court on Defendant's Motion to Dismiss (Doc. No. 5) which has been opposed (Doc. No. 13), converted to a Motion for Summary Judgment (Doc. No. 16) with a Joint Stipulation (Doc. No. 18) and supplemented with additional briefing (Doc. Nos. 17 and 19).

**THIS LAWSUIT IS UNTIMELY**

The issue raised by Defendant's Motion to Dismiss is whether Coastal has timely brought this action in federal court. Under 46 U.S.C. § 30511 and Rule F of the Supplementary Rules for Admiralty and Maritime Claims (Limitation Act), a vessel owner must file its petition to limit liability within six months "after a claimant shall have given to or filed with such owner written notice of claim." *See Cincinnati Gas & Elec. Co. v. Abel*, 533 F.2d 1001, 1003 (6th Cir. 1976). The purpose of the six-month limitation period in § 30511 is to avoid undue delay by shipowners who sometimes wait to file a limitation action until after a trial on the merits. *Complaint of McCarthy Bros. Co.*, 83 F.3d 821, 829 (7th Cir. 1996).

Often times the filing of a complaint serves as written notice of a claim and, although delay may be harmless if judicial proceedings have not yet begun, in the instant case the pending state court action has a cloud over it because of the filing of this federal court action. This is not a case where the defendant sent "a cryptic letter" and then waited more than six months to file a complaint; rather, Khoury was attempting to resolve the matter short of litigation. In any event, the Limitation Act does not require a showing of harm; rather, it simply requires the shipowner to file an action to limit damages within six months of receiving notice -- whether that notice is by letter or by the filing of a lawsuit.

Defendant claims three letters dated February-March 2006 (Doc. No. 18) constitute sufficient notice under the Act to begin the running of the six-month period. The first letter (February 20) was sent to the President of Coastal advising him that Khoury had retained legal counsel for personal injuries sustained in the jet ski accident and requesting that he turn this matter over to his insurance carrier to discuss resolution. The next letter (March 10) from the ASU Group, insurance adjusters for

2

Coastal, acknowledged the February 20 letter and asked for information as to both liability and damages claimed by Khoury. The final letter (March 15), a response from Khoury's legal counsel, sets forth an outline of liability and a brief statement of the "significant and debilitating injuries . . . including, but not limited to, a fractured skull, fractured vertebrae, brain damage, permanent loss of use of right arm" with an indication that medical documentation was being gathered.

The case of *In re Wepfer Marine*, 344 F. Supp. 2d 1120, 1128 (W.D. Tenn. 2004) provides some guidance and summarizes prior case law detailing the legal requirements for adequate notice under the Limitation Act:

> The Limitation Act does not define "written notice of claim" and the requirements for such notice are somewhat unclear. * * * However, it is well-settled that letters forwarded to vessel owners by claimants may constitute sufficient notice to satisfy the statute. * * * It has been held that "[a] written notice of claim sufficient to trigger the filing-period must reveal a reasonable possibility that the claim is subject to [limitation of liability]." * * * Thus, whether a letter constitutes "written notice" for purposes of the statute depends on its specific content. * * * Such notice is sufficient if "(1) it informs the shipowner of an actual or potential claim (2) which may exceed the value of the vessel (3) and is subject to limitation." * * * Courts have also determined that the written notice must inform the vessel owner of (1) the details of the occurrence, (2) the claimant's assertion that the owner was to blame for the injury, and (3) his intention to seek damages from the vessel owner. * * * Letters are to be read using a "broad and flexible standard," considering the "whole tenor" thereof. * * * Mere knowledge that the event took place is not sufficient in itself to trigger the running of the six-month statute of limitations. * * * (citations omitted).

The three letters in the instant case, as a group, informed the shipowner of an actual or potential claim; advised the owner the claim exceeds the value of the jet ski; stated the owner is responsible for the injuries; indicated the intent to seek damages; and described the general nature of the damages. When the Court looks at the "whole tenor" of the letters, and applies a "broad and flexible standard," as suggested in *Wepfer*, the Court finds the letters constitute sufficient notice. The

3

letters clearly informed Coastal that Khoury was presenting a claim that exceeded the value of the jet ski and therefore satisfied the notice requirement of § 30511.

Coastal also argues that because the March letters were to and from the adjuster for its insurer, they are insufficient to bind Coastal. The Court disagrees. Coastal involved its insurance carrier by forwarding to it the initial February 20 letter which prompted a response from the carrier's adjuster. Coastal implicitly authorized its insurance carrier to send and receive letters to and from Khoury's lawyer. Coastal cannot now distance itself from the information exchanged in those letters. *Doxsee Sea Clam Co. v. Brown*, 13 F.3d 550, 553-54 (2d Cir. 1994) (vessel owner referred inquiries to its insurance agent who in turn retained an adjuster, both of whom were agents "clothed with apparent authority").

Coastal received notice of the claim during February-March 2006; yet this lawsuit was not filed until September 2007, well beyond the six-month limitation time period. Therefore, Plaintiff's Complaint is untimely.

## OTHER DEFENDANTS

Plaintiff added several other defendants to this action because they are defendants in the state court case. Defendants Yamaha Motor Corp., USA and Yamaha Motor Manufacturing Corporation of America answered (Doc. No. 9, ¶ 4; Doc. No. 10, ¶ 4), indicating no interest in this case, and Defendant Jenkins Sales, Inc. has yet to make an appearance. Federal Civil Rule 21 provides in part that a court, "on its own . . . may, at any time, on just terms, add or drop a party." In short, this Court has the power to dismiss parties improperly joined. Misjoinder dismissal is appropriate when "no relief is demanded from one or more of the parties joined as defendants." *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 267 (6th Cir. 2003) (citations omitted). Furthermore, the Court may "drop a

party from a lawsuit *sua sponte* whose presence no longer [a]ffects the issues being litigated." *Edgar v. City of Chicago*, 942 F. Supp. 366, 370 (N.D. Ill. 1996), *vacated on other grounds*, 137 F.3d 474 (7th Cir. 1998). Defendants Yamaha Motor Corp., Yamaha Motor Manufacturing, and Jenkins Sales claim no interest in this federal action and, further, as they do not have an ownership interest in the jet ski, cannot benefit from the limitation of liability under 46 U.S.C. § 30511. Therefore, these Defendants are dismissed without prejudice.

## CONCLUSION

For the above reasons, Defendant's Motion is granted and this action is dismissed. As a result, Plaintiff's request to stay the pending state court action is also denied as moot.

IT IS SO ORDERED.

                                     s/ *Jack Zouhary*
                                     JACK ZOUHARY
                                     U. S. DISTRICT JUDGE

                                     December 19, 2007